### SPOKANE FALLS & N. RY. CO. v. ZIEGLER.

(Circuit Court of Appeals, Ninth Circuit. October 15, 1894.)

No. 81.

On rehearing.

McBride & Allen and Jay H. Adams, for plaintiff in error.
Turner, Graves & McKinstry, for defendant in error.

McKENNA, Circuit Judge. In the opinion filed in this case (9 C. C. A. 548, 61 Fed. 392) we held that the right of way over public lands granted to railroads under the act of March, 1875, did not vest at the passage of the act, but vested upon filing a profile map of the road. We said:

"The act, therefore, did not give a right of way presently, but entitled any company to obtain the right of way upon performing certain conditions, and its right attached upon filing a profile map of its road as provided in section 4."

It is not necessary to repeat the reasoning by which we arrived at those conclusions.

Appellant has filed a petition for rehearing, and cites in support thereof Noble v. Railroad Co., 147 U. S. 165–177, 13 Sup. Ct. 271. In that case Justice Brown said (to quote all that is applicable to the case at bar):

"The lands over which the right of way was granted were public lands subject to the operation of the statute, and the question whether the plaintiff was entitled to the benefit of the grant was one which it was competent for the secretary of the interior to decide, and, when decided, and his approval

was noted upon the plats, the first section of the act vested the right of way in the railroad company. The language of that section is 'that the right of way through the public lands of the United States is hereby granted to any railroad company duly organized under the laws of any state or territory,' etc. The uniform rule of this court has been that such an act was a grant in praesenti of lands to be thereafter identified. Railway Co. v. Alling, 99 U. S. 463."

It is not clear what appellant claims from this language, but assuming it claims, as it claimed in the original briefs, that the grant took effect at the time of filing its articles of incorporation with the secretary of the interior, it is certainly disputable if the language of the court sustains the claim. It must be interpreted by the facts of the case. Contending rights, depending upon the time of the vesting of the right of way, were not involved. The authority of the secretary of the interior over the acts of his predecessor only was involved. The facts as to the papers filed, as stated by the court, were as follows:

"In January, 1889, the company, desiring to avail itself of an act of congress of March 3, 1875 (18 Stat. 482), granting to railroads a right of way through the public lands of the United States, filed with the register of the land office at Seattle a copy of its articles of incorporation, a copy of the territorial law under which the company was organized, and the other documents required by the act, together with a map showing the termini of the road, its length, and its route through the public lands according to the public surveys. These papers were transmitted to the commissioner of the land office, and by him to the secretary of the interior, by whom they were approved in writing, and ordered to be filed. They were accordingly filed at once, and the plaintiff notified thereof."

All the documents required by the act were filed. Of course, therefore, the profile of the road, as required by section 4, was filed, and then, by approval of the secretary of the interior, as the court said, "the first section of the act vested the right of way in the railroad company." This is not contrary to our decision. But if this language of the court be construed as holding that the right of way vested upon filing the articles of incorporation, the judgment of the circuit court was nevertheless correct, because the pre-emption claim of appellee antedates the filing of the articles of incorporation, and the land was not then public land. The authorities justifying this conclusion are cited in our original opinion, and need not be repeated. Petition for rehearing denied.